[MODEL CHAPTER 13 PLAN AND RELATED MOTIONS]

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE: ) CASE NO.
    ROBERT LESLIE BROWN )
    ) CHAPTER 13
Debtor(s). ) JUDGE
)
)

## CHAPTER 13 PLAN AND MOTIONS

☒ Original ☐ Amended Date 05/24/2011

**YOUR RIGHTS WILL BE AFFECTED BY THIS PLAN.** You should read this and other documents sent to you carefully and discuss them with your attorney. Any party opposing any provision of this plan or any motion below must file a written objection by the date first set for the meeting of creditors or raise such objection orally before the conclusion of the meeting of creditors.

**THIS PLAN MAY REQUEST THAT YOU ACCEPT ITS TERMS.** If you are listed in Paragraph 4 below and you DO NOT ACCEPT the plan provisions listed in 4(a), the provisions of 4(b) will be your treatment under the plan. If you DO NOT ACCEPT the provisions of 4(a), you must file a statement that you DO NOT ACCEPT the plan either in writing prior to the meeting of creditors, or orally before the conclusion of the meeting of creditors, and the provisions of 4(b) will be part of the plan. The filing of a statement or orally making such statement at the meeting of creditors that you DO NOT ACCEPT the plan will not be deemed an objection to confirmation; it will be deemed an election to be treated as provided in Paragraph 4(b).

**IF YOU OBJECT TO CONFIRMATION**, you must either file a written objection to confirmation or orally object before the conclusion of the meeting of creditors as set by separate notice. This plan may be confirmed and the motions below granted WITHOUT FURTHER NOTICE unless timely objection to the motion(s) or confirmation is filed. If you hold a secured claim, this Plan is notice that your lien may be voided or modified as herein noted if you do not object.

**THIS PLAN DOES NOT ALLOW CLAIMS.** You must file a proof of claim to be paid under any plan that may be confirmed.

1. **PAYMENT AND LENGTH OF PLAN**
(a) Debtor shall pay $ 1,529.00 Monthly to the Chapter 13 Trustee starting May 2011 for approximately 60 months. This date can be no later than 30 days after filing of the petition. This amount may be altered if a creditor rejects the plan. See Paragraph 4.

    ☐ A payroll deduction order will issue to the Debtor's employer: _____

    ☒ Debtor will pay directly to the Trustee.
                                             (Name & address of employer)

(c) Other payments to the Trustee: NONE

(d) Total amount to be paid to Trustee shall be not less than $ 91,740.00 ("Base"). This amount may be altered if a creditor rejects the plan.

2. **PRIORITY CLAIMS, INCLUDING ADMINISTRATIVE EXPENSES AND SUPPORT [See § 1322 (a) (2)]**

The following priority claims, if allowed, will be paid in full unless creditor agrees otherwise:

| CREDITOR | TYPE OF PRIORITY | SCHEDULED AMOUNT | MONTHLY PAYMENT |
|---|---|---|---|
| David F. Cannon | Attorney Fees | 3,500.00 | 291.67 |
| Filing Fees | Filing Fees | 274.00 | PER LOCAL RULE |

5. **PRECONFIRMATION ADEQUATE PROTECTION PAYMENTS AND PAYMENTS TO LESSORS**

The Debtor proposes that the Trustee make adequate protection payments, or payments to lessors prior to the confirmation of the plan, pursuant to § 1326(a)(1) as follows:

| CREDITOR | AMOUNT OF MONTHLY PAYMENT |
|---|---|
| CACH LLC | 10.00 |
| HOVEROUND CORP | 10.00 |
| PROPERTY TAX DAVIDSON COUNTY | 10.00 |
| Wells Fargo Home Mortgage | 10.00 |

The Trustee shall commence making such payments to creditors holding allowed claims secured by a purchase money security interest in personal property or leases of personal property as soon as practicable after the filing of a proof of claim by such creditor. The Trustee shall receive the percentage fee fixed under 28 U.S.C. § 586(e) on such payments. Upon confirmation the treatment of such claims will be governed by Paragraph 4 or 6 as appropriate.

6. **SECURED CLAIMS AND MOTION TO VALUE COLLATERAL**

Debtor moves to value the collateral as indicated below. Trustee shall pay allowed secured claims the value indicated or the amount of the claim, whichever is less. The excess of creditors claim shall be treated as an unsecured claim. Any claim listed as "NO VALUE" in the value column below will be treated as an unsecured claim, and the lien avoided pursuant to § 506.

| CREDITOR | COLLATERAL | SCHEDULED AMOUNT | VALUE | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|---|
| CACH LLC | 121 DONELSONWOOD DR NASHVILLE, TN 37214 | 1,492.00 | 117,900.00 | 3.25 | 33.20 |
| HOVEROUND CORP | HOVEROUND PERSONAL MOBILITY VEHICLE | 226.00 | 500.00 | 3.25 | 23.00 |
| PROPERTY TAX DAVIDSON COUNTY | 121 DONELSONWOOD DR NASHVILLE, TN 37214 | 920.00 | 117,900.00 | 12.00 | 24.25 |

8. **UNSECURED CLAIMS**

Allowed non-priority unsecured claims shall be paid as follows:

☐ The Debtor shall pay sufficient funds to provide a pool to unsecured creditors of $_____ ("Unsecured Pool"). Payments to unsecured priority and general creditors will be made from this pool. The unsecured creditors will receive all funds remaining in the Unsecured Pool after satisfaction of all allowed priority claims.

☒ Not less than ___103.25___ percent.

☐ Funds that the Trustee receives which exceed the total allowed priority unsecured claims, the total secured claims plus interest, long term claims, and the Unsecured Pool shall increase the Unsecured Pool until the Debtor has paid the total Base amount indicated in Paragraph 1(d).

9. **CURING DEFAULT AND MAINTAINING PAYMENTS**

(a) Trustee shall pay the allowed claims for arrearages, and Trustee shall pay the postpetition monthly payments to the creditor.

| CREDITOR | COLLATERAL | ESTIMATED ARREARAGE | LAST MONTH IN ARREARS | INTEREST RATE | REGULAR PAYMENT AMOUNT |
|---|---|---|---|---|---|
| Wells Fargo Home Mortgage | 121 DONELSONWOOD DR NASHVILLE, TN 37214 | 4,500.00 CLASS II | 07/2011 | 0.00 | 652.00 |

10. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

All executory contracts and leases are rejected, except the following are assumed and treated under the plan as noted:

| CREDITOR | PROPERTY DESCRIPTION | TREATMENT UNDER PLAN |
|---|---|---|
| AARONS | REJECT RENT TO OWN CONTRACT - NO ANTICIPATED DEFICIENCY | Reject |

## 11. OTHER PLAN PROVISIONS AND MOTIONS

**(a)** **Motion to Avoid Lien under § 522(f).**
Debtor moves to avoid the following liens that impair exemptions:

**(b)** **Lien Retention and Motions to Avoid Liens**
Except as provided above in Paragraph 7 and 10(a), allowed secured claim holders retain liens until liens are released upon completion of all payments under the plan.

**(c)** **Debtors Certificate of Compliance with § 521 and Motion for Order Acknowledging Compliance**
Debtors Counsel (or debtor, if not represented by counsel) certifies that all information required under § 521(a)(1) has been filed and/or submitted to the Trustee and moves the court for an order that such information satisfied the requirements of § 521 and that the case is not dismissed under § 521(i).

**(d)** ☒ **Debtors move the Court to substantively consolidate the joint estates.**

☐ **Debtors move the Court to NOT substantively consolidate the joint estates.**

**(e)** **Vesting of Property of the Estate**
Property of the estate shall revest in the Debtor:
 _____ Upon confirmation.
 \_\_\_X\_\_\_ Upon discharge or dismissal.
 _____ Other: _____

**(f)** **Direct Payment by Debtor**
☐ Secured creditors and lessors to be paid directly by the Debtor shall continue to mail to Debtor the customary monthly notices or coupons notwithstanding the automatic stay.

**(g)** **Order of Distribution**
Trustee shall pay allowed claims in the following disbursement priority:
(1) PRIORITY CLAI MS
(2) SECURED CLAIMS
(3) MORTGAGE ARREARAGES
(4) UNSECURED CLAIMS
(5)
(6)

**(h)** **Other, Special Provisions of the Plan Not Elsewhere Described:**

*Debtor(s) moves the Court to allow the Trustee to disburse an initial payment to the debtor's attorney, to be applied to the attorneys compensation, in an amount equal to the Trustee's funds on hand that are not necessary to pay any designated monthly payments to secured creditors, filing fees and notice fees.*

*Debtor(s) moves the Court that in the event 12 ½ % of the Trustee's monthly disbursements exceed $150, the Trustee is authorized to disburse amounts in excess of $150 toward Attorney compensation.*

*Debtor(s) move the court to pay attorney fees prior to any disbursements to unsecured creditors, in addition to the monthly attorney's fee stated in #2 above.*

## 12. PROVISIONS RELATING TO CLAIMS SECURED BY REAL PROPERTY TREATED PURSUANT TO 11 U.S.C. § 1322(b)(5).

**(a)** Confirmation of this Plan imposes on any claim holder treated under paragraph 9 and secured by the debtor's residence, the obligation to:

 **i.** Apply payments from the trustee on account of pre-confirmation arrearages only to those arrearages. For purposes of this plan, the "preconfirmation arrearages" include all sums included in the allowed proof of claim plus any postpetition preconfirmation payments or charges due under the underlying mortgage obligation not specified in the allowed proof of claim.

| | ii. | Treat the mortgage obligation as current at confirmation such that future payments, if made pursuant to the plan, shall not be subject to late fees, penalties or other charges. |
|---|---|---|

      **iii.** Not less than 60 days prior to the effective date of any change in monthly mortgage payments, notify the trustee, the debtor(s) and the attorney for the debtor(s) in writing of: (1) any change or adjustment in interest rate and the effective date of that change or adjustment; and (2) any change in property taxes and/or property insurance premiums that would increase or reduce the escrow portion, if any, of the monthly mortgage payments and the effective date of that change.

      **iv.** Notify the trustee, the debtor(s) and the attorney for the debtor(s), in writing, of any protective advances or other charges incurred by the claim holder, pursuant to the mortgage agreement, within 60 days of incurring such protective advance or other charge.

**(b)**   **i.** Monthly ongoing mortgage payments shall be paid by the trustee commencing with the later of the month of confirmation or the month in which a proof of claim itemizing the arrearages is filed by the claim holder.

      **ii.** If the trustee has maintained payments to the mortgage creditor in accordance with paragraph 9) of this order, then no later than 60 days prior to the anticipated last payment under the plan, the trustee shall file a motion and notice consistent with LBR 9013-1 requesting the court find that the trustee has complied with the plan to maintain mortgage payments and to cure preconfirmation arrearages. If the claim holder asserts that the mortgage obligation is not contractually current at the time of the trustee's motion, then the claim holder shall, within 30 days of receipt of the motion, file a Statement of Outstanding Obligations, itemizing all outstanding obligations it contends have not been satisfied as of the date of the Statement, with service upon the trustee, the debtor(s) and the attorney for the debtor(s). Filing and service of a Statement shall be treated as a response for purposes of LBR 9013-1 and a hearing will be held consistent with the trustee's notice. No liability shall result from any nonwillful failure of the trustee to file the application authorized herein.

**(c)** If the claim holder fails to timely file and serve a Statement of Outstanding Obligations, the trustee shall submit an order declaring the mortgage current and all arrearages cured as of the date of the trustee's motion; and, upon discharge, the claim holder shall treat the mortgage as fully reinstated according to its original terms and fully current as of the date of the trustee's notice.

**(d)** If the claim holder timely files and serves a Statement of Outstanding Obligations, the debtor may propose a modified plan to provide for payment of additional amounts the debtor acknowledges or the court determines are due. To the extent amounts set forth on a timely filed Statement of Outstanding Obligations are not determined by the court to be invalid or are not paid by the debtor through the plan or a modified plan, the right of the holder to collect those amounts is unaffected.

 

                                              `/s/ David F. Cannon`
                                              `David F. Cannon`
                                              DEBTOR'S ATTORNEY SIGNATURE